UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DESHAWN MADDEN,

       Petitioner,

v.                                                 Case No. 17-11537
                                                 Honorable Victoria A. Roberts

ROBERT NAPEL,

       Respondent.
_____/

**OPINION AND ORDER
DENYING THE HABEAS CORPUS PETITION [1],
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY,
AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS***

State prisoner Deshawn Madden ("Petitioner") filed a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254. The pleading challenges Petitioner's plea-based convictions for carjacking, armed robbery, and assault with intent to commit murder. The sole ground for relief alleges that the state trial court abused its discretion and violated Petitioner's constitutional rights when the court denied Petitioner's request to withdraw his guilty plea. The State argues in an answer to the petition that Petitioner's claim does not warrant habeas relief because the state court reasonably concluded that the claim lacked merit. The Court agrees and denies the petition.

**I. Background**

Petitioner's convictions arose from two unrelated cases. In case number 14-9563, the Wayne County prosecutor charged Petitioner with carjacking, unarmed robbery, and receiving and concealing a stolen motor vehicle. In case number 15-0123, the prosecutor charged Petitioner with armed robbery, assault with intent to commit murder, and assault by strangulation. On March 9,

2015, Petitioner pleaded guilty in Wayne County Circuit Court to carjacking, Mich. Comp. Laws § 750.529a, armed robbery, Mich. Comp. Laws § 750.529, and assault with intent to commit murder, Mich. Comp. Laws § 750.83. In exchange for Petitioner's plea, the prosecutor dismissed the other three charges. The parties also agreed to concurrent sentences of sixteen to thirty years in prison.

Before sentencing, Petitioner moved to withdraw his plea on the basis that his co-defendant, who had agreed to testify against him in the armed robbery case, had informed him by letter that she lied about everything in his case. Petitioner also stated that he had felt forced to say things at his plea proceeding. On March 23, 2015, the trial court denied Petitioner's motion and then sentenced Petitioner to three concurrent terms of sixteen to thirty years in prison.

Petitioner applied for leave to appeal on the basis that the trial court abused its discretion and violated his constitutional rights by not allowing him to withdraw his guilty plea prior to sentencing. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *People v. Madden*, No. 329438 (Mich. Ct. App. Nov. 5, 2015). Petitioner raised the same claim in the Michigan Supreme Court, which denied leave to appeal on May 2, 2016, because it was not persuaded to review the issue. *See People v. Madden*, 499 Mich. 917; 877 N.W.2d 881 (2016). On May 12, 2017, Petitioner filed his habeas corpus petition.

## II. Standard of Review

A federal court's statutory authority for granting habeas corpus relief to state prisoners is 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Harrington v. Richter*, 562 U.S. 86, 97 (2011). Pursuant to § 2254, the Court may not

grant a state prisoner's application for the writ of habeas corpus unless the state court's adjudication of the prisoner's claims on the merits

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997), and 'demands that state-court decisions be given the benefit of the doubt,' *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (*per curiam*)." *Renico v. Lett*, 559 U.S. 766, 773 (2010).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Richter*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). To obtain a writ of habeas corpus from a federal court, a state prisoner must show that the state court's ruling on his or her claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 103.

Furthermore, the Court presumes that a state court's determination of a factual issue is correct unless the petitioner rebuts the presumption of correctness with clear and convincing

evidence. 28 U.S.C. § 2254(e)(1); *Holland v. Rivard*, 800 F.3d 224, 242 (6th Cir. 2015), *cert. denied*, 136 S. Ct. 1384 (2016). In addition, the Court must limit its review under § 2254(d)(1) to the record that was before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### III. Discussion

Petitioner's sole ground for relief alleges that the state trial court abused its discretion and violated his rights under the Fourteenth Amendment by denying his request to withdraw his guilty plea. The underlying basis for this claim is Petitioner's co-defendant's letter in which she allegedly states that she lied in their joint case "to get a deal." Petitioner maintains that his co-defendant's initial allegations about him were the only evidence against him and, therefore, he was entitled to withdraw his plea based on his actual innocence.

Petitioner had no right to withdraw his guilty plea. *United States v. Martin*, 668 F.3d 787, 794 (6th Cir. 2012); *Shanks v. Wolfenbarger*, 387 F. Supp. 2d 740, 748 (E.D. Mich. 2005). Unless a plea violated a clearly-established constitutional right, the decision whether to allow a defendant to withdraw a plea is discretionary with the state trial court. *Shanks*, 387 F. Supp. 2d at 748.

Nevertheless, because a guilty plea involves a waiver of several constitutional rights, *Boykin v. Alabama*, 395 U.S. 238, 243 (1969), it must be a voluntary, knowing, and intelligent act "done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970). Courts must consider all the relevant circumstances when determining whether a plea was voluntary. *Id*. at 749. Relevant factors to consider are whether the defendant appreciated the consequences of his waiver of constitutional rights, whether he waived his rights without being coerced to do so, and whether he understood the rights that he was

surrendering by pleading guilty. *Ruelas v. Wolfenbarger*, 580 F.3d 403, 408 (6th Cir. 2009). A court must also consider whether the defendant was aware of the maximum sentence for his crimes and whether he understood the essential elements of the offenses to which he was pleading. *Id*. at 408-09.

If a defendant's guilty plea was not voluntary and knowing, it was obtained in violation of due process and is void. *McCarthy v. United States*, 394 U.S. 459, 466 (1969). But on habeas review, a federal district court must defer to the state court's decision regarding the validity of a petitioner's guilty plea. *Fitzpatrick v. Robinson*, 723 F.3d 624, 639 (6th Cir. 2013).

Petitioner was twenty years old on the date that he pleaded guilty. After the attorneys explained the charges and the sentencing agreement on the record, Petitioner stated that he wanted to proceed and that he agreed to a sentence of sixteen to thirty years in prison. He acknowledged his signature on the waiver-of-rights form in both of his cases, and he said that no one had promised him anything else or threatened him to make him plead guilty. He also stated that he was pleading guilty freely and voluntarily. (3/9/15 Plea Tr., pp. 27-32).

Petitioner then provided a factual basis for his plea. He stated that, in the carjacking case, he "tussled" with the victim and after demanding the victim's car keys, he got in the car and drove away in it. He admitted that he took the victim's car by force and that he committed a carjacking. *Id*., pp. 32-34. In the other case, Petitioner admitted that he stabbed a different victim multiple times with a knife and that he took the victim's wallet, money, and keys. *Id*., pp. 34-39.

To summarize, the record indicates that Petitioner understood the consequences of his plea, including the maximum sentence, and that he understood the rights he was waiving by pleading guilty. Although he stated at his sentencing that he had felt forced to say things when he pleaded

guilty, he claimed at the plea proceeding that he was pleading guilty freely and voluntarily. His "[s]olemn declarations in open court carry a strong presumption of verity," *Blackledge v. Allison*, 431 U.S. 63, 74 (1977), and the fact that his co-defendant may have recanted what she previously said about Petitioner's involvement in the armed robbery case does not change the fact that Petitioner admitted his guilt in both cases. The Court concludes that Petitioner's plea was a voluntary, knowing, and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences.

### IV. Conclusion

The state appellate court's determination that Petitioner's claim lacked merit was not contrary to, or an unreasonable application of, Supreme Court precedent. It certainly was not so lacking in justification that there was an error beyond any possibility for fairminded disagreement. Accordingly, the Court denies Petitioner's application for the writ of habeas corpus.

### V. Certificate of Appealability

Petitioner may not appeal this opinion without first obtaining a certificate of appealability, 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1), and a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

For the reasons given above, reasonable jurists would not disagree with the Court's resolution of Petitioner's claim. Reasonable jurists also would not conclude that Petitioner's claim

deserves encouragement to proceed further. Accordingly, the Court declines to grant a certificate of appealability. However, because the Court granted Petitioner permission to proceed without prepayment of the filing fee in this case, he may proceed *in forma pauperis* on appeal without further authorization from this Court. Fed. R. App. P. 24(a)(3).

S/VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

Dated: April 6, 2018